LEE LITIGATION GROUP, PLLC
C.K. Lee (to be admitted pro hac vice)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 661-0543
Fax: (212) 465-1181

LAW OFFICES OF ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40-08 Case Street, 2nd Floor
Elmhurst, NY 11373
Tel.: (646) 342-2019
Fax: (646) 661-1317

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| EQUAN BROWN,<br>*on behalf of himself, FLSA Collective Plaintiffs and the Class*,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE GENERAL SERVICES CO. d/b/a UPS<br><br>        Defendant. | Case No.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

---

Plaintiff, EQUAN BROWN ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, UNITED PARCEL SERVICE GENERAL SERVICES CO. d/b/a UPS ("Defendant") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendant: (1) unpaid minimum wages, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New Jersey State Wage and Hour Law ("NJSWHL"), Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendant: (1) unpaid minimum wages, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the New Jersey Wage Payment Law ("NJWPL"), Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendant: (1) unpaid wages caused by time shaving under New Jersey Statutes Annotated (N.J.S.A.) 34:11-4.1 et seq., (2) liquidated damages and (3) attorneys' fees and costs.

4. Plaintiff further alleges that pursuant to New Jersey Statutes Annotated (N.J.S.A.) 2A:14-1, Defendant owes compensation for breach of contract by failing to compensate Plaintiff, FLSA Collective Plaintiffs and Class members all hours worked.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Original jurisdiction also exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed

class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

6.  Venue is proper in New Jersey District Court pursuant to 28 U.S.C. § 1391 because Plaintiff and Class members worked for Defendant in Secaucus, New Jersey.

## PARTIES

7.  Plaintiff EQUAN BROWN is a resident of Kings County, New York.

8.  Defendant UNITED PARCEL SERVICE GENERAL SERVICES CO. d/b/a UPS ("Defendant") is a Delaware corporation, doing business in the State of New Jersey and operating a distribution center at, UPS Drive, Secaucus, New Jersey 07094.

9.  Defendant grossed more than $500,000.00 in each of the last three calendar years.

10. At all times relevant, Defenant has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NJSWHL and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all pre-loaders and drivers' helpers, employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures,

protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (1) minimum wages and (2) proper wages due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## **RULE 23 CLASS ALLEGATIONS – NEW JERSEY STATE WAGE AND HOUR LAW**

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all pre-loaders and drivers' helpers, employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are

4

presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay them (1) minimum wages and (2) proper wages due to time-shaving. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the

wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendant and other employers throughout the state violate the New Jersey State Wage and Hour Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendant employed Plaintiff and Class members within the meaning of the New Jersey law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and Class members for their work

(d) Whether Defendant properly notified Plaintiff and Class members of their regular hourly rate and overtime rate; and

(e) Whether Defendant properly knowingly and willfully failed to pay Plaintiff and Class members their lawfully earned minimum wages pursuant to the NJSWHL.

## STATEMENT OF FACTS

23. In or about May 2014, Plaintiff EQUAN BROWN was hired by Defendant to work as a pre-loader at one of its locations in New Jersey located at UPS Drive, Secaucus, New Jersey 07094. Plaintiff was terminated in or about December 2014.

24. Throughout his employment, Plaintiff had a regular weekly schedule from 4:00 a.m. to 9:00 a.m. five (5) days a week and was paid an hourly wage of $11.00 per hour. Although Plaintiff and Class members would all arrive at 4:00 a.m. to work, and punch in accordingly, their work hours would be adjusted downward on a daily basis.

25. Approximately 1.5 hours after Plaintiff and Class members clock in, an alarm clock would signal, which would signal when the supervisors (of Plaintiff and Class members) appear on the job to give daily instructions to Plaintiff and Class members. Plaintiff's and Class members' timesheets would be adjusted to the ring of the alarm, rather than when they clocked in. The 1.5 hours of working time daily that Plaintiff and Class members spent, between clocking in and the alarm clock time, was compensable work time because Plaintiff and Class members were required to be on premise and ready and available for work at the convenience of Defendant. However, such time was never compensated by Defendant.

26. Based on his observation and conversations with other pre-loaders and drivers' helpers, such policy of time shaving was prevalent at the location, and applied to all pre-loaders and drivers' helpers.

27. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff and Class members all worked off-the-clock hours due to Defendant's policy of time-shaving.

28. Defendant operates an international package delivery service, delivering approximately 18.3 million packages daily. Given the 1.5 hour daily deduction, Plaintiff and Class members were only paid $7.70 per hour, below the prevailing minimum wage.

29. Defendant's success is attributed to its hard-working employees that make up its 362,000-person workforce in the U.S.

30. However, Defendant enforced a plan and policy of not paying its hard-working employees at a minimum wage rate for all hours worked.

31. At all times relevant hereto, Defendant employed Plaintiff, the FLSA Collective Plaintiffs and the Class Members as non-exempt employees including pre-loaders and drivers' helpers.

32. Defendant enforced a plan and policy that required Plaintiff, the FLSA Collective Plaintiffs and the Class Members to work off-the-clock hours due to Defendant's policy of time-shaving.

33. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked off-the-clock hours, but Defendant failed to pay them proper wages due to time-shaving.

34. Defendant knowingly and willfully operated their business with a policy of not paying either the FLSA or the New Jersey State minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

40. At all relevant times, Defendant had a policy and practice of failing to pay minimum wages to Plaintiff and FLSA Collective Plaintiffs pursuant to the FLSA and NJSWHL.

41. At all relevant times, Defendant had a policy and practice of failing to pay proper wages due to time-shaving to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

42. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages due to time-shaving for their hours worked.

43. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time-shaving, plus an equal amount as liquidated damages.

46. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW JERSEY STATE WAGE AND HOUR LAW

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by Defendant within the meaning of the New Jersey State Wage and Hour Law.

50. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them minimum wage pursuant to the NJSWHL.

51. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them proper wages due to time-shaving for their hours worked.

52. Due to Defendant's New Jersey State Wage and Hour Law violations, Plaintiff and Class members are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payments, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## COUNT III

### VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW

53. Plaintiff realleges and reavers Paragraph 1 through 52 of this class and collective action Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff and Class members were employed by Defendant within the meaning of the New Jersey Wage Payment Law.

55. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them all wages owed pursuant to N.J.S.A. § 34:11-4.2.

56. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by subjecting them to impermissible wage deductions pursuant to N.J.S.A. § 34:11-4.4.

57. Due to Defendant's New Jersey Wage Payment Law violations, Plaintiff and Class members are entitled to recover from Defendant all wages owed, impermissible wage deductions, liquidated damages and attorneys' fees and costs.

## COUNT IV

## BREACH OF CONTRACT

58. Plaintiff realleges and revears Paragraph 1 through 57 of this class and collective Complaint as if fully set forth herein and their claims are subject to a six (6) year statutory period for bringing claims.

59. At all relevant times, Defendant entered into a contract with Plaintiff and Class members for employment. Defendant offered Plaintiff and Class members employment as loaders and drivers' helpers for due consideration, $11.00 per hour for hours worked and Plaintiff and Class members accepted by showing up to Defendant's place of business at the agreed upon time to work expecting just consideration.

60. Defendant's knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them all wages earned.

61. Defendant's knowingly and willfully violated the rights of Plaintiff and Class members by breaching the contract between the parties, subject to the six-year statute of limitations period provided by N.J.S.A. 2A:14-1 for breach of contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJSWHL;

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of minimum wages under the FLSA and NJSWHL;

d. An award of unpaid wages due to time-shaving due under the FLSA and NJSWHL;

e. An award of all wages due under the NJWPL;

f. An award of all impermissible wage dedcuctions;

g. An award of liquidated and/or punitive damages as a result of Defendant's wilful failure to pay minimum wages pursuant to the FLSA;

h. An award of liquidated and/or punitive damages as a result of Defendant's wilful failure to pay minimum wages pursuant to the NJSWHL;

i. An award of liquidated and/or punitive damages as a result of Defendant's wilful failure to pay all wages due pursuant to the NJWPL;

j. An award of liquidated and/or punitive damages as a result of Defendant's wilful failure to properly apply wage deductions pursuant to the NJWPL;

k. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay proper wages due to time-shaving, pursuant to the FLSA;

l. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay proper wages due to time-shaving, pursuant to the NJSWHL;

m. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

n. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

o. Designation of this action as a class action pursuant to F.R.C.P. 23;

p. Designation of Plaintiff as Representative of the Class; and

q. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 15, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: /s/ C.K. Lee
C.K. Lee (to be admitted pro hac vice)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 661-0543
Fax: (212) 465-1181

LAW OFFICES OF ROBERT L. KRASELNIK, PLLC

By: /s/ Robert Kraselnik
Robert L. Kraselnik (RK 0684)
40-08 Case Street, 2nd Floor
Elmhurst, NY 11373
Tel.: (646) 342-2019
Fax: (646) 661-1317

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*